

**SIGNED this 24 day of May, 2010.**

_____
**JOHN T. LANEY, III
CHIEF UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| In re: | | |
| RWD Real Estate, LLC, | ) | |
| | | Chapter 11 |
| Debtor. | ) | Case No. 09-41061 |
| | | |
| RWD Real Estate, LLC, | ) | |
| Debtor | | |
| | | |
| vs. | ) | Contested Matter |
| | | |
| Nissan Motor Acceptance Corporation, | | |
| Phillips Construction Associates LLC and | | |
| Alexander Electric Company, | ) | |
| Respondents | | |

**Memorandum Opinion**

This contested matter is before the court on the debtor's motion to establish the

respective lien priorities between Nissan Motor Acceptance Corporation ("NMAC"),

Alexander Electric and Robinson Paving in relation to the real property located at 1725 Whittlesey Road, Columbus, Georgia, commonly referred to as Rob Doll Nissan, which was owned by the debtor, RWD Real Estate, LLC ("RWD"). On April 20, 2010, the court held a hearing on the debtor's motion to establish lien priorities. Closing arguments were heard on April 22, 2010. At the conclusion of the hearing, the court took the matter under advisement. After considering the briefs submitted by the respective parties, arguments of counsel, and the pertinent statutory and case law, the court, for the reasons given below, holds that NMAC's lien is entitled to first priority status. Because the court's decision rests solely on the validity of the Borrower's Affidavit and Certificate signed by Rob Doll, there is no reason to discuss the actual notice to NMAC of work performed prior to closing, the validity of the lien waivers signed by the subcontractors, or the alleged pretextual work of Robinson Paving.

**Facts**

On September 15, 2008, NMAC advanced a loan to RWD Real Estate, LLC, in the original principal amount of $9,000,000.00. As security for the loan, NMAC received a deed to secure debt, which was recorded on September 17, 2008, granting to NMAC a security interest in certain real property known as 1725 Whittlesey Road according to the current system of numbering property in Muscogee County, Georgia. At closing, the debtor's principal, Robert W. Doll, executed a "Borrowers Affidavit and Certificate" which stated in part that "[w]ithin the ninety-five (95) days preceding the date of this Affidavit, (i) no labor has been performed on the Property and (ii) no materials have been delivered to the Property which have not been paid in full." Mr. Doll testified that he did not read the Borrower's Affidavit and Certificate before signing it, that he did not

remember a notary being present when he signed it, and that he did not remember being sworn in prior to signing the affidavit. Mr. Doll testified that the debtor had an outstanding loan with Columbus Bank and Trust at the time of the NMAC closing. NMAC was aware of Columbus Bank and Trust's prior lien because funds issued by NMAC were used to pay off that lien. Alexander entered into a subcontract agreement with the general contractor, Phillips Construction, Inc. ("Phillips"), to perform the installation of electrical power and related services, and began work at the project on September 12, 2008. After payments stopped in the Spring of 2009, Alexander filed a mechanics lien on June 18, 2009 for the amount of $340,775.24, plus interest. Robinson also entered into a subcontract agreement with Phillips to perform erosion control, grading work, and other related services, and began work on the project in June 2008. Robinson was not paid for its services, and thereafter filed a claim of lien against the property for the amount of $317,566.60, plus interest.

## Conclusions of Law

Lenders providing construction, purchase money or any other loans secured by real estate may take advantage of a contractor's or owner's affidavit to dissolve or defend against inchoate mechanics' liens. O.C.G.A. 44-14-361.2(a). Georgia law provides that a sworn written statement from a contractor, a person other than the owner at whose instance labor, services, or materials were furnished, or **the owner may dissolve** a mechanics' lien if the affidavit is obtained or given as a part of a transaction (a) involving a conveyance of title in a bona fide sale; (b) **involving a loan in which the real estate is the security for repayment of the loan**; or (c) where final disbursement of the contract price is made by the owner to the contractor, and at the time of the settlement of the

transaction, a valid preliminary notice of lien or claim of lien has not been recorded. O.C.G.A. 44-14-361.2(a)(2) (emphasis added).

If the lender secures an affidavit from the owner that, on its face, substantially complies with the statutory requirements, the mechanics' liens will be defeated notwithstanding the falsity of the affidavit because "it is the written document rather than the intentions or acts of the affiant in executing it, that operates to extinguish the lien." See Walk Softly v. Hyzer, 188 Ga. App. 230, 232 (1988); see also DeKalb County v. J&A Pipeline Co., Inc., 263 Ga. 645, 648 (1993) ("There is no express requirement that an owner, presented with an affidavit which, on its face, comports with the statutory requirements of OCGA 44-14-361.2(a)(2), make any further inquiry or investigation so as to defeat the subcontractors' and materialmens' lien remedy"); Lowe's of Ga. v. Merwin, 156 Ga. App. 876 (1981).

In the instant case, the evidence shows that at the closing of the NMAC security deed on September 15, 2008, Rob Doll, the equity owner of the debtor, signed a "Borrower's Affidavit and Certificate."[1] The affidavit stated in part that "[w]ithin the ninety-five (95) days preceding the date of this Affidavit, (i) no labor has been performed on the Property and (ii) no materials have been delivered to the Property which have not been paid in full." Rob Doll also testified that at the time of closing, Columbus Bank and Trust ("CB&T") had an outstanding loan with the debtor that could have provided the funding to pay for the work performed by Alexander and Robinson. If the Doll Affidavit did not include the language regarding labor and materials being paid in full, then the court may have found that the knowledge of the subcontractors' previous work would be charged to NMAC and that knowledge would invalidate the Doll Affidavit because

---

[1] Hereinafter known as the "Doll Affidavit."

NMAC could not rely upon an affidavit it knew to be false. However, because NMAC did not know that the subcontractors' work had not been paid in full with previously loaned funds from CB&T, NMAC did not necessarily know that the affidavit was false. The evidence offered by the subcontractors established that persons employed by or associated with NMAC could have known that work had been performed by the subcontractors prior to closing, but not that anyone associated with NMAC knew that the work had not been paid for prior to closing. Furthermore, there was evidence that someone at NMAC might have known that there was unpaid for work within an hour or so of the recording of the deed to secure debt, but the evidence did not establish that anyone at NMAC had such knowledge prior to the recording. Thus, in the absence of any evidence of collusion, fraud, or actual knowledge of any irregularity by NMAC, the Doll Affidavit is sufficient to dissolve the inchoate materialmans' liens. See Walk Softy, Inc., 188 Ga. App. at 232.

The next issue is whether Mr. Doll's testimony that he was unaware of what he was signing, that he did not remember a notary being present, and that he was not sworn in as required by the statute invalidates the affidavit. The Georgia Court of Appeals has resolved this issue in holding that "an affidavit regular on its face, but challenged on the ground it was not properly sworn to or notarized, is as a matter of law sufficient if there is an 'absence of any evidence indicating that the [lender] was aware of the irregularity, or allegations and proof of fraud and/or collusion....'." Id. (citing Jackson's Atlanta etc., Co. v. Industrial Tractor etc., Co., 139 Ga. App. 422 (1976)). No evidence was presented to suggest that NMAC was aware of any irregularities in the affidavit, nor were there any allegations that NMAC engaged in any sort of fraudulent or collusive activity.

              Document      Page 6 of 6

Furthermore, the subcontractors cannot invalidate the Doll Affidavit based on testimony that Mr. Doll did not read what he signed because "it is the written document rather than the intentions or acts of the affiant in executing it, that operates to extinguish the lien." See Walk Softly Inc., 188 Ga. App. at 232 (holding that subcontractor's lien was dissolved under OCGA § 44-14-361.2 by the execution and notarization of facially valid "Builder's Affidavit" and "Seller's Affidavit" when there was evidence that the affiant did not know what he was signing and was not sworn as required by the statute). Consequently, this court holds that the affidavit signed by Rob Doll on September 15, 2008 is valid and enforceable against both Alexander and Robinson; thus, NMAC's lien is entitled to first priority status. An order will be entered in accordance with this opinion.