

**SIGNED this 23 day of July, 2010.**

_____
**JOHN T. LANEY, III
CHIEF UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| RWD Real Estate, LLC, | ) | Chapter 11 |
| Debtor. | ) | Case No. 09-41061 |
| | | |
| RWD Real Estate, LLC, | ) | |
| Movant | | |
| vs. | ) | Contested Matter |
| Nissan Motor Acceptance Corporation, Robinson Paving Company, Phillips Construction Associates LLC and Alexander Electric Company, Respondents | ) | |

**Memorandum Opinion**

This contested matter is before the court on a motion for reconsideration filed by creditors Robinson Paving Company ("Robinson Paving") and Alexander Electric Company ("Alexander Electric"). The motion, filed pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure that incorporate Federal Rules of Civil Procedure 59 and 60 by reference, is asking the court to alter, amend, and reconsider its order dated May 24, 2010, or, in the alternative, to otherwise grant relief from such order, which holds that the lien of Nissan Motor Acceptance Corporation ("NMAC") is entitled to first priority lien status on the real estate of RWD Real Estate, LLC (the "Debtor"). On July 15, 2010, the court heard oral arguments on the motion. At the conclusion of the hearing, the court took the matter under advisement and permitted parties to file letter briefs. Robinson Paving and Alexander Electric filed a joint post-trial brief on July 16, 2010. NMAC filed a reply brief on July 20, 2010. After considering the briefs submitted by the respective parties, arguments of counsel, and the pertinent statutory and case law, the court, for the reasons given below, determines that the motion for reconsideration should be denied. However, the court, through this opinion, will be correcting a citation error as to OCGA 44-14-361.2 made in the memorandum opinion concerning the lien priority status of the parties.

**Facts**

This Contested Matter concerned a dispute over the priority of the liens of Robinson Paving, Alexander Electric and NMAC in relation to the real property located at 1725 Whittlesey Road, Columbus, Georgia, which was owned by the Debtor. There is no dispute as to the validity of any parties' lien. The order the subcontractors are moving the court to reconsider provides, in accordance with the corresponding memorandum opinion issued the same day, that NMAC's lien is entitled to first priority status over both

the Robinson lien and Alexander lien in relation to the sole tangible asset of the bankruptcy estate, the real estate of the Debtor. The court's prior opinion relies upon the Borrower's Affidavit executed by the owner of the Debtor at the closing of the loan stating that no work had been performed on the property within 90 days of closing as to which amounts were still owed to dissolve the liens of the subcontractors.

The evidence at trial demonstrated that Robinson and Alexander performed work on the property prior to the closing of the NMAC Loan. However, there was no evidence at trial to refute the testimony that NMAC had no knowledge of whether or not the work performed by subcontractors at the site was paid for by the previous loan which was refinanced by the NMAC loan or whether or not the owner had paid those bills from his own assets. Therefore, there was no evidence that NMAC knew Mr. Doll's affidavit was false. The subcontractors claim that NMAC has failed to produce requested documents related to the issue of whether the work performed by the contractors was paid for prior to the closing of the NMAC loan. Movants claim that emails from Kelly Simpson, a NMAC employee, would possibly validate these communications; however, the only emails tendered into evidence show a brief email exchange between Rob Doll and Kelly Simpson regarding draw requests on the day of the loan closing. No motion to compel was filed nor was an objection raised at trial regarding the failure to produce the requested evidence. There was also no evidence at trial that any relevant emails, communications, or documents had been in the possession of NMAC when discovery responses were filed and which were not procured.

## Conclusions of Law

### A. Amendment to prior memorandum opinion

The court's memorandum opinion entered May 24, 2010, contains a citation error that must be corrected to avoid future confusion. The offending section is the first paragraph of the Conclusions of Law, which cites a quotation of Hinkel's Georgia Construction Mechanics' And Materialmen's Liens. The memorandum opinion should quote OCGA 44-14-361.2(a), which states as follows:

> (a) The special lien specified in subsection (a) of Code Section 44-14-361 shall be dissolved if the owner, purchaser from owner, or lender providing construction or purchase money or any other loan secured by real estate shows that:
>
> (1) The lien has been waived in writing by lien claimant; or
>
> (2)(A) They or any of them have obtained the sworn written statement of the contractor or person other than the owner at whose instance the labor, services, or materials were furnished, or the owner when conveying title in a bona fide sale or loan transaction, that the agreed price or reasonable value of the labor, services, or materials has been paid or waived in writing by the lien claimant; and
>
>> (B) When the sworn written statement was obtained or given as a part of a transaction:
>>
>>> (i) Involving a conveyance of title in a bona fide sale;
>>>
>>> (ii) Involving a loan in which the real estate is to secure repayment of the loan; or
>>>
>>> (iii) Where final disbursement of the contract price is made by the owner to the contractor
>>
>> there was not of record, at the time of the settlement of the transaction a valid preliminary notice or claim of lien which had not been previously canceled, dissolved, or expired.

### B. Movants are not entitled to relief from this court's order pursuant to Fed. R. Bank. P. 9023 / Fed R. Civ. P. Rule 59(e)

Federal Rule of Bankruptcy Procedure 9023 applies Federal Rule of Civil Procedure 59 to bankruptcy cases except that a motion under Federal Rule of Bankruptcy Procedure 9023 to alter or amend judgment must be filed within fourteen (14), rather than twenty-eight (28) days. Under Rule 59(e), a motion to alter or amend a judgment may be granted to correct errors of law or fact upon which the judgment is based. In re McDaniel, 217 B.R. 348, 350 (Bankr. N.D. Ga. 1998) (citations omitted); Condor One, Inc. v. Homestead Partners, Ltd. (In re Homestead Partners, Ltd.) 201 B.R. 1014, 1017 (Bankr. N.D. Ga. 1996) (citations omitted); Sommers Co. v. Bell (In re Bell), 195 B.R. 818, 822 (Bankr. S.D. Ga. 1996) (citing 11 Wright, Federal Practice and Procedure, § 2810.1, pp. 124-130 (West 1995) (footnotes omitted)).

A Rule 59(e) motion may not be used to re-litigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of the judgment. McDaniel, 217 B.R. 350. "Attempts to take a 'second bite at the apple,' to introduce new legal theories, or to pad the record for an appeal, constitute an abuse of the Rule 59(e) motion which the Court normally will not condone." Id. at 351 (citations omitted); Homestead Partners, 201 B.R. at 1017 (citations omitted); accord Bell, 195 B.R. at 822 (citation omitted). The burden lies with the moving party to show that alteration or amendment of the original judgment is appropriate. McDaniel, 217 B.R. at 351 n.5 (citation omitted); Homestead Partners, 201 B.R. at 1018 n.4 (citation omitted); Bell, 195 B.R. at 821 (citations omitted).

Amendment or alteration is appropriate under Rule 59(e) if (1) the court is presented with newly discovered evidence, (2) the trial court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change

in controlling law. School Dist. No. 1J, Mutnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is warranted under those circumstances where the Court has overlooked matters or controlling decisions that might have materially influenced its earlier decision. Motor Vehicles Mfrs. Ass'n v. New York State Dep't of Envtl. Conservation, 831 F.Supp. 57 (N.D.N.Y. 1993), aff'd in part, rev'd in part on other grounds, 17 F.3d 521 (2d Cir. 1994). Additionally, a motion for reconsideration may be granted where necessary to prevent a manifest injustice. Hood v. Perdue, 300 Fed. Appx. 699 (11th Cir. 2008).

In the instant case, movants seek to raise discovery issues and seek reconsideration of the court's opinion when there was nothing in the record at trial or prior to trial that NMAC ever withheld documents or interfered in any way with the production of documents. Movants had ample time to depose a number of individuals, request the court for additional time, file a motion to compel prior to trial, or object to evidence being introduced. Movants took none of these actions. Movants now base their entire Motion to Reconsider not on evidence that was presented at trial, but on evidence that is not known to exist. Rule 59(e) is not to be used to introduce new evidence that could have been adduced earlier. McDaniel, 217 B.R. at 351. The subcontractor's failure to recognize the significance of the Borrower's Affidavit in the outcome of the case is not a valid reason to use a Rule 59(e) motion to attempt to discover new evidence that may not even exist. All West Pet Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co., 847 F.Supp. 858, 860 (D.Kan.1994) ("[A] party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to

amend"); Yorke v. Citibank; N.A. ( In re BNT Terminals, Inc.), 125 B.R. 963, 977 (Bankr.N.D.Ill.1990) (second bites are not the function of Rule 59(e)).

Movants also argue that Rob Doll's testimony at trial that the Debtor's loan from Columbus Bank & Trust ("CB&T") was for the purchase of the property only and not for construction shows that NMAC was not entitled to rely on the Borrower's Affidavit. This assertion could only be true if the knowledge of Rob Doll could be imputed to NMAC, which it cannot. No evidence was introduced that NMAC had knowledge that the CB&T loan was for the purchase of property only. NMAC relied upon the Borrower's Affidavit signed by the Debtor, regardless of whether such affidavit was false. See DeKalb County v. J&A Pipeline Co., Inc., 263 Ga. 645, 648 (1993) ("There is no express requirement that an owner, presented with an affidavit which, on its face, comports with the statutory requirements of OCGA 44-14-361.2(a)(2), make any further inquiry or investigation so as to defeat the subcontractors' and materialmens' lien remedy").

Movants also point to the trial testimony of NMAC employee Mark Aaron that the NMAC loan was part to pay off the land loan from CB&T and part as a construction loan. No evidence was introduced that NMAC had knowledge that the CB&T loan was for the purchase of property only. Also, movants are requesting the court to infer from such limited testimony that the NMAC loan funds were to be used to pay past construction costs. Considering that such testimony could easily mean that only construction costs incurred after the closing date were to be paid from the loaned funds, the court cannot make such an inference.

The movants cite Bridgestone/Firestone North American Tire, LLC v. Campbell, to support the proposition that because NMAC did not produce documents related to

communications with NMAC regarding notice of work performed and outstanding sums due for such work, the court should accordingly presume that such documents would not have been favorable to NMAC and would have shown additional knowledge of work performed and not paid for. 258 Ga. App. 767, 768 (2003). In <u>Bridgestone</u>, plaintiff's Nissan Pathfinder rolled over in a single-car accident. 258 Ga. App. at 767. The plaintiff sued Nissan Motor Company and Bridgestone/Firestone North American Tire Company, LLC, the company that manufactured the tires. <u>Id.</u> Prior to filing suit, however, plaintiff disposed of the Pathfinder and had the tires destroyed. <u>Id.</u> Upon learning that the evidence had been destroyed, the defendants moved to dismiss plaintiff's complaint, asserting that the spoliation of critical evidence prejudiced the companies' ability to present a defense. <u>Id.</u> Applying a five factor test that is irrelevant to the outcome of this proceeding, the court found that the destruction of the evidence rendered a defense fully impossible. 256 Ga. App. at 769.

<u>Bridgestone</u> is clearly distinguishable from this case. In <u>Bridgestone</u>, there was no question that a vehicle and tires were involved in the single-car accident and that such evidence was destroyed prior to trial. In this case, the subcontractors have provided no evidence or testimony that NMAC has possession of the documents purported to exist. This is a case in which the movants failed to recognize the significance of the Borrower's Affidavit to the outcome of the case and now pray for a second chance at procuring additional evidence related to the affidavit. Movants had ample time and opportunity to request such documents, object to the admittance of the affidavit at trial, or move for a continuance. A party's failure to present his strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. The movants' attempt

to take a second bite of the apple through a motion to reconsider is improper and consequently denied.

### C. Movants are not entitled to relief from this court's order pursuant to Fed. R. Bank. P. 9024 / Fed R. Civ. P. Rule 60(b)

Federal Rule of Bankruptcy Procedure 9024 applies Federal Rule of Civil Procedure 60 to bankruptcy cases. Subsection 60(b)(3) of the Federal Rules of Civil Procedure ("Rule 60(b)(3)") provides that upon motion and just terms a court may relieve a party from a final Order where there has been, "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party".

To be afforded relief under Rule 60(b)(3), "The moving party must demonstrate by clear and convincing evidence that the adverse party engaged in fraud, misrepresentation, or other misconduct. In addition, the moving party must show that "this conduct prevented [the movant] from fully and fairly presenting his case." (citations omitted) Catskill Dev., L.L.C. v. Park Place Entm't Corp., 286 F. Supp. 2d 309, 312 (S.D.N.Y. 2003)(court granted motion for relief from judgment under Fed. R. Civ. P. 60(b)(3) finding proof of "other misconduct" where audio tapes were not produced, but were requested in discovery); see also Taylor v. Texas Corp., 831 F.2d 255 (11th Cir. 1987).

In the case law cited by movants, the court properly found proof of misconduct when specific audio tapes were discovered to have existed after the judgment had been rendered. Catskill Dev., L.L.C. v. Park Place Entm't Corp., 286 F. Supp. 2d 309 (S.D.N.Y. 2003). In this case, there has been no evidence presented of misconduct, misrepresentation, or fraud, either addressed at trial, or referenced in depositions which

are on file with the court, or in documents tendered by movants at trial. Absent proof of such conduct, the movants' motion to reconsider must be denied.

Movants also argue that NMAC is somehow at fault for raising the issue "of the Borrower's Affidavit for the first time at trial". This argument ignores the procedural posture of this contested matter; that the matter was raised on a motion by the Debtor. [Doc 86]. Further, there is no dispute but that the Affidavit was produced in a timely manner during discovery and was provided for the review of all parties. Robinson had access to the Affidavit and did not object to its admission into evidence. Alexander not only had access to the Affidavit, but came to trial prepared to argue its validity based on its notary signature and presented case law to support its contention. As such, any contention of unfair surprise or misconduct on the part of NMAC is unwarranted.

Movants have failed to show any justifiable reason to review and revise the court's opinion, having not availed themselves of the opportunities to contend with discovery issues before trial, if they ever existed, and having failed to introduce any evidence at trial or on motion that there was, in fact, other evidence in existence that could have been enlightening to the court. Consequently, this court finds that the movants' motion to reconsider pursuant to Rules 59(e) and Rule 60(b) should be denied. An order in accordance with this memorandum opinion will be entered.