

**SIGNED this 13 day of January, 2011.**

_____
**JOHN T. LANEY, III
CHIEF UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO.: 09-41138- JTL |
| DOLL & DOLL MOTOR COMPANY, | ) | |
| d/b/a Rob Doll Nissan, | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 11 |
| _____ | ) | |
| | ) | |
| BANK OF THE WEST, by and | ) | |
| through its division, Trinity, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| DOLL & DOLL MOTOR COMPANY | ) | |
| d/b/a Rob Doll Nissan and | ) | |
| SE COLUMBUS AUTOMOTIVE, LLC, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO.: 09-41061- JTL |
| RWD REAL ESTATE, LLC, | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 11 |
| | ) | |
| BANK OF THE WEST, by and through its division, Trinity, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| RWD REAL ESTATE, LLC, and ESFAHANI REAL ESTATE HOLDINGS, LLC, | ) | |
| | ) | |
| Respondents. | ) | |

**Memorandum Opinion**

This matter comes before the Court on similar Motions to Enforce Orders filed by Bank of the West, Trinity Division ("the Bank") in *In re Doll & Doll Motor Company* and *In re RWD Real Estate, LLC*, as well as on a Motion for Relief from Stay filed by the Bank in the *Doll & Doll* case. The Court heard oral arguments on January 5, 2011. At the conclusion of the hearing, the Court took the matter under advisement. For the reasons set forth below, the Court will deny the Bank's motions to enforce in both cases but will grant relief from the stay to the extent that the stay is in place as to Doll & Doll Motor Company.

**Background**

These two cases are companion cases because Robert Doll is the CEO and sole equity security holder of Doll & Doll Motor Company ("Doll & Doll") and the sole

member of RWD Real Estate, LLC ("RWD"), and because the disputed property is involved in both cases. On January 29, 2010, the Court granted, in the *Doll & Doll* case, the Debtor's Motion (A) for Authority to Sell Assets Free and Clear of Liens, Claims, and Encumbrances and (B) to Assume and Assign Certain Executory Contracts and Leases in Connection Therewith. On the same day, the Court also granted, in the *RWD Real Estate* case, the Debtor's Motion for Authority to Sell Assets Free and Clear of Liens, Claims, and Encumbrances. The auction for the property in both cases was, by design, conducted at the same time—the asset sales in the two cases contemplated a sale of Doll & Doll's auto dealership in conjunction with the sale of the sole-asset real estate of RWD so that the new owner(s) could operate another dealership on the real estate. The ultimate purchaser of Doll & Doll's assets was SE Columbus Automotive, LLC, and the ultimate purchaser of RWD's real estate was Esfahani Real Estate Holdings, LLC ("Esfahani")

The property at issue is equipment and hardware purchased by Doll & Doll in early 2009 and financed by the Bank in the amount of $438,626.38. The Bank retained a security interest in the equipment for the amount financed, and the Bank filed a UCC Financing Statement in the Muscogee County Office of the Superior Court Clerk. Although filed as a fixture filing, Doll & Doll and RWD executed a waiver in connection with the financing statement that "[n]one of [the] property shall be or become deemed a part of or an accession or addition to or a fixture on the premises even though such property is installed thereon or in some manner attached thereto." The property consists of auto dealership equipment, such as hydraulic car lifts, lubrication tanks and hoses, and tool cabinets, among other items. The property was installed at what was meant to be the

site of a new Doll & Doll auto dealership on the real estate owned by RWD. It is undisputed that at least $156,511.00 worth of the financed property is still located on the real estate. Although the property was meant to be installed on real estate owned by RWD, the Bank filed its fixture filing and waiver under the name "Doll & Doll Motor Company."

The asset sale in the *Doll & Doll* case was for the sale of the "personal, tangible and intangible property associated with" Doll & Doll's dealership, excluding certain assets labeled in the purchase agreement as "Excluded Assets." The purchase agreement itemizes the assets to be sold and how the purchase price for each of the assets is to be calculated. One of the items to be sold is labeled "Equipment," and this section states, "The purchase price shall equal the amount as may be negotiated by [Purchaser] and is acceptable to [Purchaser] with the lienholder, Bank of the West Trinity, to release its lien on the equipment on [sic] be purchased." Doll & Doll's motion to sell further states that "The purchase price for equipment shall be an amount equal to that which Bank of the West, Trinity Division requires in order to release their security interest in such equipment. If Purchaser and Bank of the West are not able to reach an agreement on such price, the equipment will be an excluded asset." The Court's sale order orders the Debtor's "Assets" to be sold, transferred, conveyed, and assigned, and the order defines "Assets" to exclude certain items, among them "other specified Excluded Assets." As noted above, the ultimate purchaser under this agreement was SE Columbus Automotive. The Bank and SE Columbus Automotive negotiated but could not agree on a price for the Bank to release its security interest in the equipment. It is undisputed that the sale order in the *Doll & Doll* case did not transfer this equipment to SE Columbus Automotive.

The asset sale in the *RWD Real Estate* case as stated in the sale order, was for "substantially all of [RWD's] assets, being only real estate and fixtures, all other assets being excluded." The order states that the real estate "shall be sold, transferred, conveyed, and assigned to [Purchaser] free and clear of all liens, claims and encumbrances of whatsoever type or description, including, without limitation, tax liens," and the order further states that "all such liens, claims and encumbrances, to the extent valid, perfected and enforceable, shall transfer, affix and attach to the Purchase Price to be received by the Debtor as proceeds from the sale." Esfahani was the ultimate purchaser of RWD's assets.

On November 24, 2010 (a full ten months after the sale order was entered), the Bank filed its motions to compel in both cases and its motion for relief in the *Doll & Doll* case, and the Court heard oral arguments on January 5, 2011. The Bank argues that the financed items are not fixtures because the items were not intended to be fixtures and because the items can be detached without damage to the underlying real estate, and thus the items did not pass to Esfahani through the sale order. The Bank is asking, as relief, for (1) entry of an order compelling SE Columbus Automotive or Esfahani to turn over the financed items or permit the Bank to remove items; (2) entry of a judgment against SE Columbus Automotive or Esfahani in an amount equal to the fair market rental value of the items for the period SE Columbus Automotive or Esfahani has possessed and enjoyed the use of the items; and (3) for relief from the automatic stay in the *Doll & Doll* case. Esfahani argues that (1) the items are fixtures that passed through the terms of the sale order; (2) the Bank's motions were procedurally improper because the Bank attempts to collaterally attack a final judgment (an order confirming a sale of assets) through

improper procedural means and because the Bank seeks a money judgment without an adversary proceeding; (3) the Bank sat on its rights by waiting ten months after the sale order to file its motions; (4) the Bank's remedy is to enforce its rights against the proceeds of the sale; and (5) the financing statement and accompanying waiver did not give proper notice to subsequent purchasers.

## Conclusions of Law

"The 'basic federal rule' in bankruptcy is that state law governs the substance of claims." Raleigh v. Illinois Dept. of Revenue, 530 U.S. 15, 20 (2000) (quoting Butner v. U.S., 440 U.S. 48, 57 (1979)).  Thus, the question whether the financed items are fixtures is determined under Georgia law.  Under Georgia law, "Anything which is intended to remain permanently in its place even if it is not actually attached to the land is a fixture which constitutes a part of the realty and passes with it."  O.C.G.A. § 44–1–6(a). Whether an item is considered a fixture or personalty is determined by its severability from the underlying real estate and from the intention of the parties involved.  See, e.g., Babson Credit Plan, Inc. v. Cordele Production Credit Association, 146 Ga. App. 266, 268, 246 S.E.2d 354, 357 (1978).  As the language of the statute indicates and as caselaw makes clear, the intention of the parties is the most important factor in determining whether an item is a fixture.  See, e.g., Power v. Garrison, 141 Ga. 429, 81 S.E. 225 (1914); Wolff v. Sampson, 123 Ga. 400, 51 S.E. 335 (1905); Smith v. Odom, 63 Ga. 499 (1879); Babson Credit Plan, Inc., 146 Ga. App 266, 246 S.E.2d 354; Homac Incorporated v. Fort Wayne Mortgage Company, 577 F. Supp 1065, 1069 (1983) ("even more important[] is the intention of the parties"); In re Janmar, Inc., 4 B.R. 4, 9 (Bankr. N.D. Ga. 1979) ("The determination of whether or not an object has become a fixture is

generally governed by the intent of the parties …"); Matter of Georgia Steel, Inc., 71 B.R. 903, 911 (Bankr. M.D. Ga. 1987).

The Bank, Doll & Doll, and RWD intended for the financed items to remain personal property and not fixtures. This is evidenced not only by the waiver Doll & Doll and RWD executed stating that "[n]one of [the] property shall be or become deemed a part of or an accession or addition to or a fixture on the premises even though such property is installed thereon or in some manner attached thereto," but it is also evidenced by the treatment of the financed items in sale of assets in the *Doll & Doll* case. The equipment was treated as personal property to be negotiated on in the sale of assets from Doll & Doll to SE Columbus Automotive—it was not treated as fixtures on real estate belonging to RWD. While the Court decides this matter on the intent issue, the Court would like to point out that even without the unambiguous intent, the items still might not be fixtures. Uncontroverted expert testimony heard during oral arguments made clear that the vast majority of the items could be removed without damage to the underlying real estate.

The Court would like to address the rest of Esfahani's arguments. Esfahani claims that the Bank's motions are procedurally defective because (1) the Bank seeks to collaterally attack the Court's sale order outside of Federal Rule of Civil Procedure 60(b), as applicable through Federal Rule of Bankruptcy Procedure 9024, and (2) the Bank seeks a money judgment against SE Automotive or Esfahani without an adversary proceeding. The Bank's motions do not collaterally attack the sale orders—they do not claim the orders are insufficient in some way, they do not allege mistake, fraud, or that the orders are somehow void. The Bank is merely trying to assert its rights *under* the sale

orders.  Esfahani is correct, however, that the Bank incorrectly asks for a money judgment without an adversary proceeding.  Federal Rule of Bankruptcy Procedure 7001 states, "The following are adversary proceedings: (1) a proceeding to recover money or property …."  The Bank also asks that the Court order SE Columbus or Esfahani to turn over the property or allow the Bank to remove the property.  This relief, too, is improper under Federal Rule of Bankruptcy Procedure 7001.

Esfahani argues that the Bank sat on its rights by waiting ten months to respond to the sale order authorizing Esfahani's purchase of RWD's assets.  Esfahani was an interested party in the sale of Doll & Doll's assets to SE Columbus, so Esfahani is aware that the Bank tried to protect its interests during the sale of those assets.  All parties involved treated the financed equipment as personal property in the sale of the Doll & Doll assets, and in fact, the Bank was active in negotiations with SE Columbus for the sale of the equipment.  The equipment being personal property not subject to the asset sale in *In re RWD Real Estate, LLC*, the Bank had no reason step forward until Esfahani asserted ownership of the equipment.  Esfahani further states that to the extent the Bank has any remedy, the remedy is against the proceeds from the sale of RWD's assets.  Because the assets were excluded from the sale, the Bank cannot go after the proceeds.

Finally, Esfahani claims it had insufficient notice of the Bank's interest in the equipment because the financing statement was indexed under the name "Doll & Doll Motor Company" and not under "RWD Real Estate, LLC."  The issue of notice, however, is not a part of the fixture analysis—the pieces of equipment are either fixtures or personal property, and the sale order either authorized their disposition (as fixtures) or did

not authorize their disposition (as personal property). Being personal property, the equipment was not subject to the sale order in *In re RWD Real Estate, LLC*.

The Court is not unsympathetic to a purchaser who genuinely thought it was getting equipment attached to the underlying real estate as well as the real estate itself. However, the sale of RWD's real estate was to be sold in conjunction with Doll & Doll's personal property for the express purpose of using the personal property and real estate together to operate a new automobile dealership. Mr. Esfahani (the equity owner of Esfahani Real Estate Holdings, LLC) was a highly interested observer in the negotiations between SE Columbus Automotive and Doll & Doll for the purchase of Doll & Doll's assets. Moreover, Esfahani and SE Columbus Automotive have common ownership, and they even share the same counsel in these two cases. The counsel that negotiated for the very equipment at issue during the sale of the Doll & Doll assets is the same counsel now arguing that the items are fixtures in *In re RWD Real Estate, LLC*. It is inconceivable that Esfahani was unaware of the Bank's interest in the equipment.

## Conclusion

The Court will deny the Bank's motions to enforce but will grant the Bank relief from the stay to the extent that the stay is in place as to Doll & Doll Motor Company. Orders in accordance with this memorandum opinion will be entered.